**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Larry G. Luck, Jr., | |
| Plaintiff, | |
| v. | Case No. 11-CIV-267-RAW |
| City of Tushka, | |
| Defendant. | |

**OPINION AND ORDER**

Before the court is Plaintiff's Complaint [Docket No. 1]. Plaintiff filed this lawsuit alleging violations of his civil rights for a negligent installation of a traffic light resulting in an automobile accident and the death of his grandmother.[*] Plaintiff was granted leave to proceed *in forma pauperis* on August 9, 2011 [Docket No. 3].

The court construes Plaintiff's allegations liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff filed his Complaint against the Defendant, alleging that the Defendant was negligent by posting the traffic light where the accident occurred, and that his civil rights were also violated by the Defendant not following certain procedures "to ensure the fatal accident couldn't have been avoided." [Complaint, page 2]. Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

---

[*] The court extends its deepest condolences to the Plaintiff regarding the loss of his grandmother.

**28 U.S.C. § 1915**

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> **(A)** the allegation of poverty is untrue; or
>> **(B)** the action or appeal--
>>
>>> **(I)** is frivolous or malicious;
>>>
>>> **(ii)** fails to state a claim on which relief may be granted; or
>>>
>>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by Plaintiff. Further, the court has no jurisdiction regarding the installation of traffic lights or the results of that installation. Finally, pursuant to 28 U.S. § 1332, there is no diversity between the parties of this action. The court, therefore, has no jurisdiction over this claim.

***Sua Sponte* Dismissal**

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." <u>McKinney v. State of Oklahoma</u>, 925 F.2d 363, 364 (10th Cir. 1991).

### Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

**Dated this 25th day of August, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma